**GURR BRANDE & SPENDLOVE, PLLC**
ROBERT A. GURR (Utah Bar No. 13722)
   rob@gbsip.com
JARED G. BRANDE (Utah Bar No. 11514)
   jared@gbsip.com
ROBERT D. SPENDLOVE (Utah Bar No. 15924)
   spendlove@gbsip.com
491 E. Riverside Dr., #4B
St. George, UT 84790
Phone: (435) 634-8889
Fax: (866)-232-8818

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| H&S Motorsports, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Smeding Diesel, LLC,<br><br>        Defendant. | Case No. _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

     Plaintiff, H&S Motorsports, LLC, by and through its counsel, Gurr Brande & Spendlove, PLLC, hereby brings this Complaint against the Defendant, Smeding Diesel, LLC, and alleges as follows:

## THE PARTIES

     1.    Plaintiff, H&S Motorsports, LLC, is Utah Limited Liability Company with its principal place of business at 1222 S Hillcrest Dr., Washington, Utah 84780.

2. Upon information and belief, Defendant Smeding Diesel, LLC, is a Texas Limited Liability Company with its principal place of business at 28875 I-H 10 W, Boerne, Texas 78006.

## JURISDICTION AND VENUE

3. H&S Motorsports, LLC ("Plaintiff") seeks disgorgement of profits, punitive damages, and injunctive relief under federal and state law and files this action against Smeding Diesel, LLC ("Defendant") for Defendant's willful acts of copyright infringement, trademark infringement, unfair competition, and design patent infringement.

4. This Court has original subject matter jurisdiction over the claims that relate to copyright infringement under 17 U.S.C. § 501, trademark infringement and false designation of origin under 15 U.S.C. §§ 1116 and/or 1121(a), and for Design Patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are so related to Plaintiff's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this Judicial District and within Utah. In addition, by committing acts of copyright infringement, trademark infringement, false designation of origin, unfair competition, and design patent infringement in this Judicial District, including, but not limited to, by using copyrighted photos in connection with the advertisement, marketing, promotion, sale, and offer for sale of goods to customers in this Judicial District,

Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

7. Plaintiff is the owner of numerous copyrighted photos that are used to advertise their goods and services.

8. Plaintiff is the owner of a U.S. Copyright Registration for a photograph depicting a 2014 Steel Piping Kit (Registration No. VAu 1-421-525), hereafter referred to as the "Steel Piping Photo". The Steel Piping Photo was registered on March 1, 2021. See Exhibit A.

9. Plaintiff is also the owner of a U.S. Copyright Registration for a photograph depicting a 2017 Silicone Boot Kit (Registration No. VAu 1-421-524), hereafter referred to as the "Silicone Boot Photo". The Silicone Boot Photo was registered on March 1, 2021. See Exhibit B.

10. Plaintiff has created and owns rights, as described above, to the Silicone Boot Photo shown below:



11.     Plaintiff is the owner of U.S. Trademark Registration No. 6338699 for HSM and associated design ("'699 Mark") and owns common law rights in the marks "H&S Motorsports" as well as "HSM" in connection with aftermarket automotive parts and online stores selling automotive parts (collectively referred to as the "HSM Marks").

12.     Plaintiff operates a business selling automotive parts, namely, fuel kits comprised of fuel lines, fuel pumps, fuel pulleys, and attaching hardware, turbo kits comprised of turbochargers, intercooler pipes, and couplers, among other things. Plaintiff further provides online retail store services featuring aftermarket automotive parts and accessories in the nature of fuel kits and turbo kits, among other things.

13.     Defendant is also in the business of selling aftermarket automotive parts.

14.     Plaintiff is also the owner of a design patent in the United States, entitled "Throttle Body Coupler" and having Design Patent No. D828,399 (hereafter the "'399 Patent"), granted on September 11, 2018.

15.     Plaintiff has invested substantial time and resources into developing its intellectual property portfolio and its brand, amassing consumer goodwill over the years.

16.     Defendant sells its line of aftermarket automotive parts through its website (https://www.smedingdiesel.com/) and other websites, including, but not limited to, Ebay.com.

17.     In about November of 2018, Plaintiff became aware that Defendant was using an unauthorized, unaltered version of Plaintiff's Steel Piping Photo on Defendant's website, selling goods other than Plaintiff's goods, as shown by the screenshots below:



18. Defendant admitted, on social media platforms, to using the unauthorized photo to sell its goods.

19. In about January 2021, Plaintiff became aware that Defendant was using an unauthorized, *altered* version of the Silicone Boot Photo to market its goods. The Silicone Boot Photo contains an intercooler pipe and coupler (hereafter the "Coupler") designed by Plaintiff. In a deliberate effort to hide its infringement, Defendant altered the Silicone Boot Photo to remove Plaintiff's HSM Mark, as seen on the following listing on eBay:



(https://www.ebay.com/itm/Replacement-Silicone-Intercooler-Pipe-for-11-16-Ford-6-7L-Powerstroke-OEM/133526746794)

20.     Plaintiff sent Defendant a cease and desist and demand letter in about February of 2021.

21.     Plaintiff is not affiliated with Defendant in any way.

22.     Defendant has not been granted permission to use the Steel Piping Photo, the Silicone Boot Photo, Plaintiff's trademarks, or the '399 patent.

23.     Defendant further has willfully and intentionally edited the Silicone Boot Photo to remove the HSM Marks.

Page **6** of **15**

24. Additionally, Plaintiff placed an order from Defendant via the eBay listing, which is shown in the above-described photo, to determine whether the products sold by Defendant were indeed the Plaintiff's Coupler. When the package arrived, the throttle body coupler was not Plaintiff's coupler as shown in the Photo listing.  A photo of the throttle body coupler Plaintiff received from Defendant is below:



25. Defendant is fraudulently inducing consumers to purchase a product that consumers believe is the Plaintiff's Coupler, but consumers are then receiving a different, inferior product that is not the Plaintiff's product.

### First Cause of Action
### (Federal Copyright Infringement (17 U.S.C. § 501))

26. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above, as though fully set forth herein.

27. Plaintiff exclusively owns rights to the copyrighted Steel Piping Photo and the Silicone Boot Photo.

28. Defendant's unauthorized use of the Steel Piping Photo constitutes copyright infringement in violation of 17 U.S.C. § 501.

29. Defendant's unauthorized use of the Silicone Boot Photo constitutes copyright infringement in violation of 17 U.S.C. § 501.

30. Without Plaintiff's authorization, Defendant has removed the Plaintiff's '699 Mark from the Silicone Boot Photo and has used it to advertise and sell their own goods.

31. Defendant's acts of removing the HSM Marks demonstrate that its copyright infringement was knowing, willful, and intentional and were done with the intent to profit off of the Silicone Boot Photo. Plaintiff is entitled to receive increased damages as a result of the willful and intentional copying of the Silicone Boot Photo.

32. Defendant's infringement of the Steel Piping Photo and the Silicone Boot Photo has yielded profits in an amount not yet determined.

33. Plaintiff has suffered and continues to suffer due to Defendant's infringement in an amount to be determined at trial.

## Second Cause of Action
### (Federal Trademark Infringement (15 U.S.C. § 1114)

34. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 33 above, as though fully set forth herein.

35. Plaintiff exclusively owns the HSM marks.

36. Plaintiff has used the '699 Mark in interstate commerce with the advertising and promotion of its goods and services.

37. Without Plaintiff's permission, Defendant has used the Steel Piping Photo in commerce, bearing the '699 Mark, to induce consumers to purchase goods sold by Defendant and not Plaintiff.

38. Defendant's unauthorized use of the Steel Piping Photo and providing a different, inferior throttle body coupler has caused, and will likely continue to cause, confusion, mistake, tarnishment, and deception in the relevant consumer market.

39. Defendant had actual knowledge of the Defendant's ownership of the '699 mark and has willfully violated 15 U.S.C. § 1114.

40. Defendant's infringing acts have caused and will continue to cause Plaintiff to suffer irreparable injury to its reputation and goodwill.  Plaintiff does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

### Third Cause of Action
### (Trademark Infringement - 15 U.S.C. § 1125)

41. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above, as though fully set forth herein.

42. Defendant's use of an inferior imitation of the Coupler associated with the HSM Marks has caused and continues to cause dilution by tarnishment of the distinctive quality of the HSM Marks. Defendant's use of an imitation of the Coupler is a violation of 15 U.S.C. § 1125.

43. Defendant has acted in bad faith and/or willfully in removing the '699 Mark or other HSM Marks and offering a throttle body coupler that varies, and is inferior to, the Coupler shown in the Silicone Boot Photo; thereby the Defendant has tarnished, and continues to tarnish, the Plaintiff's brand.

44. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages from Defendant, pursuant to 15 U.S.C. § 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, Defendant's profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

**Fourth Cause of Action**
**(Unfair Competition – Utah Code Ann. § 13-5a-102)**

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 44 above, as though fully set forth herein.

46. Defendant has used the Steel Piping Photo and the Silicone Boot Photo without authorization from the Plaintiff.

47. Defendant's acts of using these photos have fraudulently induced consumers to purchase products they believed to be from the Plaintiff.

48. By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public.

49. Defendant's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, malicious, or fraudulent business practices, which have injured Plaintiff.

50. Defendant's unfair and unlawful business practices have caused substantial injury to Plaintiff and are continuing to cause substantial injury. Plaintiff has no adequate remedy at law for these injuries. Unless the Defendant is restrained by this Court from continuing its unfair and unlawful business practices these injuries will continue to accrue. Plaintiff is entitled to preliminary and permanent injunctive relief against the Defendant's unfair and unlawful business practices constituting statutory unfair competition.

## Fifth Cause of Action
**(Direct Infringement of the '399 Patent by Defendant)**

51. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 50 above, as though fully set forth herein.

52. Plaintiff is the owner of the '399 Patent, which is valid and enforceable.

53. Defendant has infringed, induced others to infringe, and/or contributed to the infringement of the '399 Patent, and continues to do so by manufacturing, using, offering to sell, and selling within the United States, without permission from Plaintiff to do so, products covered by the '399 Patent, in violation of 35 U.S.C. § 289.

54. A side-by-side comparison of figures from the '399 Patent (left) and photos of the Defendant's throttle body coupler (right) are reproduced below:





55. An ordinary observer, given such attention as a purchaser usually gives, would be deceived by the substantial similarity between the design of the Defendant's throttle body coupler and the patented design in the '399 Patent.

56. Despite being notified of the '399 Patent, Defendant has refused to cease its infringing activities.

57. Defendant's deliberate and willful actions in infringing the design of Plaintiff's '399 Patent, have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined pursuant to 35 U.S.C. § 283.

58. Defendant has also profited from, and continues to profit from, its infringing throttle body coupler.

59. Plaintiff has suffered pecuniary damages in amounts to be determined at trial as a result of Defendant's willful infringement of the '399 patent, pursuant to 35 U.S.C. §§ 284 and 289.

60. Defendant's wrongful, malicious, fraudulent, deliberate, willful, and/or intentional conduct makes this an exceptional case entitling Plaintiff to an award of attorney's fees and costs.

### Request for Relief

Based on the foregoing, Plaintiff respectfully requests judgment in its favor against Defendant as follows:

A. Enter judgment in favor of Plaintiff and against Defendant on all claims;

  B. That the Court render a final judgment that the Defendant has violated 17 U.S.C. § 501 by unlawfully obtaining, editing, and using copyrighted photos;

  C. That the Court render a final judgment that the Defendant has violated the provisions of 15 U.S.C. § 1114 by willfully infringing Plaintiff's trademark rights in the '699 Mark;

  D. That the Court render a final judgment that the Defendant has violated the provisions of 15 U.S.C. § 1125 by willfully infringing Plaintiff's HSM Marks;

  E. That the Court render a final judgment that the Defendant has violated Utah Code Ann. § 13-5a-102 by false advertising and fraudulently inducing consumers to buy Defendant's products;

  F. That the Court, under 17 U.S.C. § 502(a), permanently enjoin the Defendant from infringing Plaintiff's copyrighted photos;

  G. That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

  H. Enter judgment and preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling or offering for sale, or otherwise distributing any product that infringes the '399 Patent;

I. That Defendant be required to account to Plaintiff for any and all profits derived by the Defendant by virtue of the Defendant's acts complained of herein;

J. That the Court award damages under 17 U.S.C. § 504(a)(1);

K. That this case be deemed exceptional and the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

L. That the Court award Plaintiff its reasonable costs, expenses, and attorneys' fees pursuant to at least 15 U.S.C. § 1117 and 17 U.S.C. § 505;

M. That Defendant's actions be deemed willful;

N. That Plaintiff be awarded restitution and disgorgement; and

O. That Plaintiff be awarded any such other relief that the circumstances may require and that the Court deems just and proper.

DATED this 3rd day of June 2021

Respectfully submitted,

**GURR BRANDE & SPENDLOVE, PLLC**

/s/ Robert A. Gurr
ROBERT A. GURR (Utah Bar No. 13722)
  rob@gbsip.com
JARED G. BRANDE (Utah Bar No. 11514)
  jared@gbsip.com
ROBERT D. SPENDLOVE (Utah Bar No. 15924)
  spendlove@gbsip.com
491 E. Riverside Dr., #4B
St. George, UT 84790
Phone: (435) 634-8868